

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT, EASTERN DIVISION

| | |
|---|---|
| BRIAN KODISH, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>OAKBROOK TERRACE FIRE )<br>PROTECTION DISTRICT, GREGORY )<br>J. SEBESTA, DONALD VENTURA, )<br>ANDY SARALLO and JOE )<br>DRAGOVICH, )<br>)<br>Defendants. ) | No.: 05 C 4620<br><br>**FILED**<br>SEP 14 2005<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

## MOTION TO STRIKE AND DISMISS

NOW COME the Defendants, Oakbrook Terrace Fire Protection District, Gregory J. Sebesta, Donald Ventura, Andy Sarallo and Joe Dragovich, by and through their attorney Stephen H. DiNolfo of Ottosen Trevarthen Britz Kelly & Cooper and move this Court pursuant to Federal Rule of Civil Procedure 12(F) to strike certain portions of Plaintiff's Complaint and pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Count III of Plaintiff's Complaint and in support thereof state as follows:

    1.    On August 12, 2005 Plaintiff filed a three count complaint against Defendants. (See Exhibit "A" attached hereto.)

    2.    Count I is a Section 1983 Due Process Claim; Count III is a state claim premised under the Workers Compensation Act; and Count III is a state claim of defamation.

    3.    Plaintiff alleges in his Complaint in paragraph 2, 3 and 4 as follows:

2. Oakbrook Terrace Fire Protection District ("the District") is a Fire Protection District in DuPage County, in the Northern District of Illinois.

3. Gregory J. Sebesta is and was at all times pertinent to this complaint, Chief of the District. Sebesta engaged in the conduct alleged herein while in the course and scope of his employment and under color of law and is sued in his individual and official capacity.

4. Joe Dragovich, Any Sarallo and Donald Ventura are, and were at all times pertinent to this complaint, trustees of the District. They engaged in the conduct alleged herein while in the course and scope of their employment and under color of law and are sued in their individual and official capacities.

## I. MOTION TO DISMISS (Fed.R.Civ.P. 12(b)(6))

4. Count III of Plaintiff's Complaint is a defamation claim against all defendants. (See Exhibit A, pp. 7-8)

5. As to Defendant Oakbrook Terrace Fire Protection District, any claim of defamation is barred pursuant to the Tort Immunity Act. (See 745 ILCS 10/1 et seq.)

6. Under the Act, local public entities are defined to include fire protection districts. (See 745 ILCS 10/1-206)

7. The Act specifically provides an absolute immunity to local public entities for libel or slander. (See 745 ILCS 10/2-107)

8. The courts in Illinois have found that defamation is the broad term for slander or libel. See *Whitby v. Associates Discount Corporation*, 59 Ill.App.2d 337, 207 N.E.2d 482 (1965).

9. As such, the claim against the fire protection district is barred by the Tort Immunity Act.

10. The Act defines public employees as employees of a local public entity. (See 745 ILCS 10/1-207)

11. As set forth earlier, Plaintiff's Complaint alleges that all conduct alleged against the trustees and Chief was done in the course and scope of their employment. (See Exhibit "A" pp. 3-4)

12. Suing an employee in their scope and course of their employment is the same as suing the entity itself.

13. The same immunity that protects the District serves to protect the public employees.

14. Therefore, the claims filed against the District trustees and Chief are barred by 745 ILCS 10/2-107.

## MOTION TO STRIKE (RULE 12(F))

15. Plaintiff in all counts of his Complaint has sought punitive damages (assuming Count III is not dismissed).

16. Rule 12(F) provides a basis to strike certain portions of pleadings.

17. Under Count I, the Fire Protection District and its employees in their official capacities are immune from punitive damages. See, *Newport v. Fact Concert*, 457 U.S. 274, 101 SCt 2748 (1981).

18. Further as to the state counts, the Tort Immunity Act specifically bars punitive damage claims against local units of government and their employees. (See 745 ILCS 10/2-102)


19. As stated above, all defendants are alleged to have been acting within the scope of their employment at all times during the claim. As such, the claim for punitive damages is absolutely barred.

WHEREFORE, the Defendants, Oakbrook Terrace Fire Protection District, Gregory J. Sebesta, Donald Ventura, Andy Sarallo and Joe Dragovich pray that this Court grant their motion and enter the following order:

A. That Count III be dismissed as to all Defendants based upon 745 ILCS 10/2-107.

B. That the prayer for punitive damages in Counts I, II and III (if not dismissed) be stricken.

C. Such further relief deemed just and equitable.

OTTOSEN TREVARTHEN BRITZ KELLY & COOPER

By: _____
One of Its Attorneys

Stephen H. DiNolfo
Ottosen Trevarthen Britz Kelly & Cooper, Ltd.
300 South County Farm Road, Third Floor
Wheaton, IL 60187
(630) 682-0085