IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN KODISH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05 C 4620 |
| v. | ) | |
| | ) | |
| OAKBROOK TERRACE FIRE PROTECTION | ) | **JURY DEMAND** |
| DISTRICT, GREGORY J. SEBESTA, DONALD | ) | |
| VENTURA, ANDY SARALLO, and | ) | Judge Filip |
| JOE DRAGOVICH, | ) | |
| | ) | |
| Defendants. | ) | |

### AMENDED COMPLAINT

NOW COMES the plaintiff, BRIAN KODISH, by and through his attorney, GREGORY

J. ABBOTT, and complains against the defendants as follows:

#### Parties, Jurisdiction and Venue

1. Brian Kodish ("Kodish") is a citizen of Illinois residing in Cook County in the

Northern District of Illinois.

2. Oakbrook Terrace Fire Protection District ("the District") is a Fire Protection District

in DuPage County, in the Northern District of Illinois.

3. Gregory J. Sebesta, is, and was at all times pertinent to this complaint, Chief of the

District. Sebesta's conduct alleged in Count I and II was done under color of law. Sebesta's

conduct pursuant to Count III was not done under color of law. Sebesta is sued in his individual

capacity.

4. Joe Dragovich, Andy Sarallo and Donald Ventura are, and were at all times pertinent

to this complaint, trustees of the District. Their conduct alleged in Count I and II was done under

color of law. Their conduct pursuant to Count III was not done under color of law. Each is sued

in his individual capacity.

5. This action is brought pursuant to the provisions of 42 U.S.C. Section 1983 of the Civil Rights Act of 1964, as amended, and statutes and common law of the State of Illinois for relief from defendants denying the plaintiff his right to due process pursuant to the 14th Amendment to the United States Constitution, wrongfully terminating him and defaming him.

6. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Sections 1331 and 1343, and the doctrine of pendent jurisdiction.

7. Venue is proper in this District pursuant to 28 U.S.C. 1391 because the actions complained of occurred in this District.

## FACTS UPON WHICH CLAIMS ARE BASED

8. Kodish was hired as a firefighter/paramedic by the District effective June 2, 2003.

9. On December 23, 2003, Kodish suffered an injury to his knee while working for the District.

10. On December 27, 2003, Kodish reported to his supervisors that he injured himself on December 23rd while working for the District.

11. Starting on or about March 24, 2004, Kodish was kept off work by his doctors due to his work injury.

11. On May 7, 2004, Kodish underwent surgery as a result of the work injury.

12. On July 23, 2004, Kodish was released to full duty by a medical doctor.

13. On August 2, 2004, Kodish was informed by Illinois Public Risk Fund ("the IPRF"), the District's workers compensation carrier/administrator, that it denied paying his medical bills because it denied he had suffered a work injury.

2

14. On or after August 2, 2004, Kodish informed Chief Sebesta that IPRF had denied payment of his bills and that he would have to hire an attorney to represent him on a workers compensation claim.

15. On August 8, 2004, Kodish spoke with Lt. Hallik and told him that he had to take August 9th, a scheduled workday, off.

16. On August 9, 2004, Kodish met with attorney David Cifelli to acquire representation for a workers compensation claim.

17. On August 12, 2004, Kodish showed up for work.

18. On August 12, 2004, Chief Sebesta falsely told Kodish that he had taken a sick day on August 9th that was not earned, and that Chief Sebesta brought that to the attention of the District's Board of Trustees and the decision was made to terminate him.

19. On August 12, 2004, Chief Sebesta handed Kodish a typed letter of resignation and asked him to sign it.

20. Kodish had no desire to resign and had never told Chief Sebesta or anyone else that he wished to resign.

21. Chief Sebesta told Kodish that the Board of Trustees had approved the termination and that if he did not sign the letter of resignation, he would be terminated.

22. In order to further coerce Kodish into signing the resignation letter, Chief Sebesta promised that if Kodish signed the letter of resignation, as opposed to being terminated, that Sebesta would a) provide a good reference for future employment and 2) maintain Kodish's health insurance until the end of the year, both of which were false.

23. In order to further coerce Kodish into signing the resignation letter, Sebesta also told

3

him that if Kodish chose to be terminated, he would not have the benefit of unemployment insurance payments because Sebesta said it did not apply to the District's employees, which was false.

24. Despite the fact that Kodish signed a letter of resignation, the District notified the Illinois Department of Employment Security found that Kodish was terminated from his employment from the District and awarded him unemployment benefits.

25. Despite the fact that Chief Sebesta told Kodish he was being fired for taking a sick day which had not accrued, the District paid Kodish for unused sick time after his employment ended.

26. Chief Sebesta and the District terminated Kodish because he told Sebesta that he was going to pursue a workers compensation claim.

27. Terminating an employee for exercising rights granted under the Workers Compensation Act violates the law of the State of Illinois.

28. Chief Sebesta tried to hide the fact that he fired Kodish for an impermissible purpose by manufacturing a false pretense for the termination, claiming falsely that Kodish had taken a sick day that had not yet accrued.

29. The District did not provide any opportunity for Kodish to contest or challenge the decision to terminate him.

30. The District is the only entity that has the legal authority to terminate a District fireman.

31. At the time of the termination/forced resignation, Joe Dragovich, Andy Sarallo and Donald Ventura were members of the Board of Trustees of the District.

4

32. On August 11. 2004, Trustees Joe Dragovich, Andy Sarallo and Donald Ventura held a board meeting. At that meeting, Chief Sebesta requested that the Board of Trustees terminate Kodish.

33. On August 11, 2004, Joe Dragovich, Andy Sarallo and Donald Ventura, in their capacity as board members, wrongfully, without proper investigation and with reckless and deliberate indifference to the plaintiff's constitutional rights, voted in favor of terminating Kodish.

34. Sebesta then proceeded to inform others not employed by the District that Kodish was no longer employed by the District, and in so doing, defamed and disparaged Kodish's good name and reputation. Sebesta's actions in this regard were not required of his position and were not done in the furtherance of any legitimate business of the OTFPD.

35. Even if Kodish had taken a sick day that had not accrued, he would have been entitled to progressive discipline which would have resulted in punishment less serious than termination.

36. The actions taken by the defendants violated their own policy, the Fireman's Disciplinary Act, the Fire Protection District Act and the common law of Illinois.

## COUNT I (Sebesta, the District, Joe Dragovich, Andy Sarallo and Donald Ventura -42 U.S.C. Section 1983)

37. Plaintiff restates and realleges paragraphs 1-36 of this complaint as though fully set forth herein.

38. Plaintiff had a constitutionally protected property and/or liberty right or interest in his continued employment, wages and benefits.

5

39. Plaintiff had a constitutionally protected property and/or liberty right or interest to progressive discipline.

40. Plaintiff had a constitutionally protected right to due process of law prior to a deprivation of a property right or interest.

41. Plaintiff had a constitutionally protected property and/or liberty right or interest in not being terminated for an improper cause or without just cause.

42. Defendants deprived Plaintiff of his constitutionally protected property and/or liberty rights or interests without providing adequate procedural protections.

43. Defendants intentionally deprived Plaintiff of his constitutionally protected right to due process of law prior to a deprivation of a property or liberty right or interest when they terminated Plaintiff on false pretenses.

44. Defendants intentionally deprived Plaintiff of his constitutionally protected right to due process of law prior to a deprivation of a property and/or liberty right or interest when they brought false charges against him, when they failed to conduct an adequate investigation and when they failed to use progressive discipline.

45. Defendants violated Plaintiff's substantive due process rights when they acted in an arbitrary and capricious manner to deprive him of his constitutionally protected property and/or liberty rights or interests.

46. Due to defendants actions, Plaintiff suffered mental anguish, humiliation, emotional pain and suffering, inconvenience, lost wages and benefits and other consequential damages.

47. The actions of the defendants were intentional, willful, malicious and showed deliberate indifference to Plaintiff's rights as secured under the United States Constitution and

6

Section 42 U.S.C. Section 1983.

48. The Plaintiff was an employee of the District before his injury.

49. The plaintiff told Chief Sebesta, employee of the District of his intention to file for workers compensation benefits, which is a right granted by the Workers Compensation Act ("the Act").

50. The plaintiff's discharge was causally related to the plaintiff's attempted filing of a workers compensation claim, which he was legally entitled to do.

51. The actions of the defendants in discharging the Plaintiff for exercising his rights to file a worker's compensation claim violated the plaintiff's due process rights granted by the 14th Amendment of the U.S. Constitution.

WHEREFORE, Plaintiff respectfully requests against defendants the District, Gregory Sebesta, Joe Dragovich, Andy Sarallo and Donald Ventura:

a.    Expungement of the letter of resignation from Plaintiff's personnel file;

b.    Reinstatement, back wages, future wages and all benefits as allowed by law;

c.    An award of reasonable attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. Section 1988; and

d.    Punitive damages against Sebesta, Dragovich, Sarallo and Ventura, as allowed by law;

e.    Such other relief as this Court deems just.

### COUNT II (The District - Wrongful termination)

52. Plaintiff restates and realleges paragraphs 1-51 of this complaint as though fully set forth herein.

53. As a result, the plaintiff was wrongly discharged, in violation of the common law of Illinois.

WHEREFORE, Plaintiff respectfully requests as against defendant, The District, compensatory damages, as determined by a jury, as allowed by law, and all other relief that this Court deems just.

## COUNT III - Defamation

54. Plaintiff restates and realleges paragraphs 1-36 of this complaint as though fully set forth herein.

55. Within several weeks after being forced to resign, Plaintiff learned from his former co-workers from a former employer that they heard the District had given him the choice to resign or be terminated.

56. The issues surrounding his forced resignation were based upon false and pretextual information and were published to others even though those persons defaming plaintiff knew the information was false.

57. The issues surrounding his forced resignation were disparaging to plaintiff's professional reputation as a fireman.

58. The communications from one or more of the defendants was false and the defendants knew they were false at the time they were made.

59. The communications from one or more of the defendants defamed the plaintiff.

60. The communications defaming the plaintiff were not done in the scope of, nor in furtherance of, defendants' employment with the OTFPD, and were unrelated to, and not done in furtherance of, any legitimate purpose of the OTFPD.

8

61. As a result of the defamation, plaintiff suffered irreparable damage to his personal and professional reputation and a diminished ability to obtain future employment.

WHEREFORE, Plaintiff respectfully requests as against defendant Sebesta, Ventura, Sarallo and Dragovich, compensatory and punitive damages, as determined by a jury, as allowed by law, and all other relief that this Court deems just.

By: _____
Attorney for Plaintiff Brian Kodish

Gregory J. Abbott
Attorney at Law
5117 Main Street, Suite 16
Downers Grove, IL 60515
(630) 963-7938

## PROOF OF SERVICE

The undersigned, an attorney, certifies that he served the following:

Plaintiff's Amended Complaint

By mailing a copy of same to Stephen H. DiNolfo, Ottosen Trevarthen, Britz Kelly & Cooper, 300 South County Farm Road, Third Floor, Wheaton, IL 60187 on or before 5:00 p.m. on November 16, 2005, proper postage prepaid.

Date: _11/16/05_

_____
Signature

Under penalties as provided by law, I certify that the statements set forth herein are true and correct.

_____
Gregory J. Abbott