# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT, EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN KODISH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 C 4620 |
| v. | ) | |
| | ) | |
| OAKBROOK TERRACE FIRE PROTECTION DISTRICT, GREGORY J. SEBESTA, DONALD VENTURA, ANDY SARALLO, and JOE DRAGOVICH, | ) ) ) ) | Judge Filip  Magistrate Judge Morton Denlow |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND FOR AN EXTENSION OF TIME TO CONDUCT FACT DISCOVERY**

NOW COME the Defendants, OAKBROOK TERRACE FIRE PROTECTION DISTRICT, GREGORY J. SEBESTA, DONALD VENTURA, ANDY SARALLO, and JOE DRAGOVICH, by and through their attorney, OTTOSEN BRITZ KELLY COOPER & GILBERT LTD., and moves this Court to deny Plaintiff's motion to compel production of an audiotape from a closed session meeting. In support thereof, Defendants state as follows:

1. The Plaintiff has filed the instant motion to compel production of an audiotape reflecting a closed session meeting of the Board of Trustees on August 11, 2004.

2. The Plaintiff claims that the existence of said audiotape was not known until it was mentioned in the deposition of Joe Dragovich on February 8, 2006, and that its production in not protected by the Open Meetings Act (hereinafter "The Act").

3. In the alternative, Plaintiff contends that if he is not entitled to the audiotape under normal discovery requests, defendants should lose protection under the Act for violations of certain provisions of the Act.

4. The Plaintiff cites specifically to 5 ILCS 120/2.06 (e) of the Act, as it was enacted August 12, 2003 and became effective January 1, 2004. It provides in relevant part that unless the public body has made a determination that the verbatim recording no longer requires confidential treatment or otherwise consents to disclosure, the verbatim record of a meeting

closed to the public shall not be open for public inspection or subject to discovery in any administrative proceeding other than one brought to enforce this Act.  In the case of a civil action brought to enforce this Act, the court may conduct such in camera examination of the verbatim record as it finds appropriate in order to determine whether there has been a violation.  In the case of a criminal proceeding, the same in camera examination shall apply if the court deems it appropriate.

     5.    The Plaintiff then proceeds to misstate the law as it applies to the instant case.  In paragraph 9 of Plaintiff's motion, he states the Act does not protect the audiotape from disclosure.  Referring to subsection (e), Plaintiff states the Act *prevents* disclosure in three specific types of proceedings:  administrative action to enforce the Act, a civil action brought to enforce the Act, or a criminal action, none of which are in the category of the instant case (emphasis added).

     6.    Subsection (e) of the Act illustrates the contrary; that there are only three types of proceedings that disclosure to a court will be allowed, and then only after an in camera examination is conducted.  The statute uses the words "other than" to distinguish recordings that are never open to the public or administrative discovery, from those types listed within the subsection.

     7. A civil cause of action not premised upon a violation of the Open Meetings Act is not of the type that would allow mandated release of the tape as a part of discovery.  This is a motion to compel production and for an extension of time to conduct fact discovery. This is not an action brought to enforce the Act.

     8.    The law as it stands today is clear.  5 ILCS 2.06 (e) as amended, still provides that unless the public body has made a determination that the verbatim recording no longer requires confidential treatment or otherwise consents to disclosure, the verbatim record of a meeting closed to the public shall not be open for public inspection or subject to discovery in any administrative or judicial proceeding, other than those already distinguished in this motion.

The Defendants have never made such a determination, nor are they consenting to its disclosure.

9. Lastly, Plaintiff contends that the Defendants violated the Act by failing to periodically review the minutes of the closed session as to the need for confidentiality. Defendants have complied with this provision in regard to the minutes only. (See Exhibits A, B, and C). Furthermore, 5 ILCS 120/2.06 (d) of the Act, as amended, specifically strikes the words "or recordings" from what a public body must review when it periodically reviews closed session activity (See Exhibit D). The closed session minutes were released, but under the current state of law, the Defendant has no obligation to release the recording.

10. The need for confidentiality still exists due to the chilling effect it would have on the candor and climate of these meetings if the recordings were being released with any regularity at all.

11. Defendants do not contest the request for an additional 60 days to conduct fact discovery.

WHEREFORE, DEFENDANT, by and through their attorney, OTTOSEN BRITZ KELLY COOPER and GILBERT, request that the Court deny the plaintiff's motion to compel production and to not allow the audiotape to be made available for inspection. Should the Court find that the Act applies to the instant case, defendants request the Court secure the audiotape for the in camera examination as provided for by statute.

OTTOSEN BRITZ KELLY COOPER & GILBERT, LTD.

By:     /s/ Stephen H. DiNolfo
        One of Its Attorneys

Stephen H. DiNolfo, Esq.
Ottosen Britz Kelly Cooper & Gilbert
300 South County Farm Road, Third Floor
Wheaton, IL  60187
(630) 682-0085