IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, EASTERN DIVISION

| | |
|---|---|
| BRIAN KODISH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OAKBROOK TERRACE FIRE PROTECTION )<br>DISTRICT, GREGORY J. SEBESTA, DONALD )<br>VENTURA, ANDY SARALLO, and )<br>JOE DRAGOVICH, )<br>)<br>Defendants. ) | No. 05 C 4620<br><br>Judge Filip<br>Magistrate Judge Denlow |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF DENYING PLAINTIFF'S
MOTION TO COMPEL**

NOW COME the Defendants Oakbrook Terrace Fire Protection District, Gregory J. Sebesta, Donald Ventura, Andy Sarallo and Joe Dragovich, by and through their attorneys, Ottosen Britz Kelly Cooper & Gilbert, Ltd., and for their Memorandum of Law in Support of Denying Plaintiff's Motion to Compel, state as follows:

STATEMENT OF THE CASE

This case comes before this Honorable Court on a discovery issue arising from a Federal Civil Rights claim alleging denial of due process and two pendent state claims filed by Plaintiff. As part of the discovery process, a taped recording of a closed session meeting held by the Defendant has been requested for production. The Defendant is maintaining that production of the recording is not proper on the grounds that it is protected by the Illinois Open Meetings Act, *5 ILCS 120/1.01*. (See Exhibit "A" attached hereto.) A motion to compel production was filed by the Plaintiff and the Defendant has subsequently responded to that motion. This memorandum of law is being submitted in support of the Defendant's position that the recording is protected from discovery and should not be made available for inspection.

1

ARGUMENT

The Illinois Open Meetings Act, *5 ILCS 120/1* (hereinafter the Act) provides in general that the intent of this Act was to ensure that the actions of public bodies be taken openly and that their deliberations be conducted openly.  However, the legislature has enacted exceptions to that purpose where the public interest would be clearly endangered or the personal privacy or guaranteed rights of individuals would be clearly in danger of unwarranted invasion if the proceeding was held openly.  Id.  When addressing an issue that falls within one of the enumerated exceptions of the Act, the public body may hold a closed session to discuss these issues.  *5 ILCS 120/2 (c).*  Among the exceptions set out in the Act is dismissal of a specific employee of the public body or legal counsel for the public body.  *5 ILCS 120/2 (c)(1).*

Written minutes of these meetings, whether open or closed, must be kept in accordance with the Act and a verbatim recording of the closed session must also be done.  *5 ILCS 120/2.06.*  Furthermore, the Act provides the manner in which closed session minutes may be released and when it is appropriate to destroy the verbatim recording.  Id.  In addressing the issue of when the recordings are to be made available for public inspection, the statute is clear.  It provides that "unless the public body has made a determination that the verbatim recording no longer requires confidential treatment or otherwise consents to disclosure, the recording shall not be open for public inspection or subject to discovery in any judicial proceeding other than one brought to enforce this Act." *5 ILCS 120/2.06 (e).*

The matter presently before this Court is a Motion to Compel Production of the closed session tape from August 12, 2003.  As set forth in the introduction, this is not an action brought to enforce the Act nor has there been any determination by the District that the verbatim recording is appropriate for disclosure.  Should the Plaintiff actually bring an action to enforce the Act, then a court must conduct an *in camera* examination if

2

it believes that such an examination is necessary, but the Act does not permit release to the party who brings the claim.

The only case on point as to whether a federal court should apply state law privilege in the context of a closed session meeting is *Hindale v. City of Liberal, Kansas, 961 F.Supp. 1490.* In that case, a United States Magistrate Judge held that statements made in closed session were privileged from discovery in the Plaintiff's civil rights action to the extent that the statements implicated attorney-client privilege, but that the mere fact that a closed meeting was held did not automatically render all of the conversations privileged. Id. The party seeking to assert the privilege must show that the particular communication was part of a request for advice or part of the advice, and that the communication was intended to be kept confidential. Id.

In *Hindale*, much like the case at bar, both Federal and State claims were involved and the defendant was claiming privilege under the State's Open Meetings Act. The Court addressed the issue of which law to apply and looked at Federal Rule 501 as a logical starting point. Under Federal Rule of Evidence 501, in federal question cases the federal common law of privileges applies, but if state law provides a rule of decision then state privilege law will apply. *Fed.R.Evid.501.* The rule is silent on what to do when a case contains both Federal and State claims. The Court went on to hold that as to the State law claims, the State law should control, but as to the federal claims, the court should look to the federal law of privilege for guidance in determining the discoverability of what transpired during relevant closed session meetings, therefore leaving it up to their discretion. Id.

In the case at bar, it is believed that a review of the tape would reveal an attorney, John P. Fassola, corporate counsel for defendant, giving advice on matters being discussed in the closed session. The mere fact that the Defendant went into closed session indicates a desire to keep this matter confidential. These

3

communications should therefore be privileged under an attorney/client basis and in accordance with the Act.

Next, the court looked at the language of the Kansas statute and found that nothing in the language of the statute indicated any legislative intent to render all matters discussed in closed session to be privileged. Id. Furthermore, there was no indication of any legislative intent to create a privilege against disclosure in a court proceeding. Id. The *Hinsdale* Court proceeded to cite to *United States v. Phoenix Union High School District, 681 F. 2d 1235 (9th Cir. 1982)* in which the generally worded language of its applicable statute also prevented the privilege from being fully applied.

In contrast, the intent of the Illinois statute is clear on its face. It specifically provides that "unless the public body has made a determination that the verbatim recording no longer requires confidential treatment or otherwise consents to disclosure, the recording shall not be open for public inspection or subject to discovery in any judicial proceeding other than one brought to enforce this Act." *5 ILCS 120/2.06 (e).* As previously stated, the Defendant in the case at bar has made no such determination in regard to the audio taped recording and accordingly, it should remain privileged.

*Freeman v. Fairman, 917 F. Supp. 586*, supports the Defendant's position that the recorded tape should not be disclosed, but for an entirely different reason based on public policy. In that case, a motion to compel production of a morbidity report was made in connection with a civil rights wrongful death claim that also included pendent state claims. The United States District Court, Northern District of Illinois denied the motion to compel after applying a balancing test to weigh the need for truth against the likelihood that recognition of the privilege sought to be furthered by the privilege and the likelihood that recognition of the privilege would in fact protect that relationship in the factual context of the particular case. Id.

In *Freeman*, the defendants claimed privilege under the Illinois Medical Studies Act and relied upon the policy considerations behind that Act for opposing production. In analyzing that issue, the court noted that where the principal claim in a case is federal, state law does not supply the rule of decision, and thus a federal court has the discretion whether or not to apply it. *Memorial Hospital v. Shadur, 664 F. 2d 1058 (7th Cir. 1981).*

The *Freeman* court exercised that discretion and applied the state law privilege barring production of the information sought. *Freeman v. Fairman, 917 F. Supp. 586.* The *Freeman* court balanced application of the state privilege against application of federal law and found that the state privilege should apply. The court recognized that candid and conscientious evaluation of clinical practices was a requirement of adequate hospital care, and to subject these discussions and deliberations to the discovery process without a showing of exceptional necessity would result in terminating such deliberations. Id.

The same policy considerations apply to the Illinois Open Meetings Act. The purpose is to elicit candid conversations to allow for the proper evaluation of issues applicable to the public body. The interest in applying the privilege is substantial, while the interest in disclosing the audio tape remains slight. Notably, the minutes of the closed session in question have already been tendered in the discovery process. The Plaintiff already has a certified summary of closed session activity. Little can be gained by the release of the recorded tape in this case. The Defendant's position of refusing disclosure is further supported by the conduct of the Illinois General Assembly amending the Act to strike the words "and recordings" from that which a public body must periodically review for confidentiality purposes. *5 ILCS 120/2.06 (d).* This omission alone makes it clear that these recordings were never meant to be disclosed and at all times should remain confidential. If a precedent were to be set that the discovery of written minutes of a closed session meeting were not enough, and that any verbatim

recordings be released as well, it would have a chilling effect on the way members of a public body conducted themselves while engaged in closed session. Candor and conscientiousness would go by the wayside, qualities that were so important to the *Freeman* court in reaching its policy based decision.

## CONCLUSION

The legislative intent behind the Illinois Open Meetings Act is clear. Closed session recordings are not to be made available in the discovery process unless there is a specific action alleging a violation of the Act. No such action has been brought in this case. This privilege should apply regardless of whether federal law or state law is applied. The need for this recording, when the written minutes have already been tendered is substantially outweighed by the effect that an unwarranted disclosure of the recording would have on future closed sessions in Illinois.

Lastly, the attorney-client privilege should reinforce the notion of preventing disclosure of the recording in this case. A review of the tape would reveal an attorney, John P. Fassola, corporate counsel for defendant, giving advice on matters being discussed in closed session, a privilege applicable regardless of which law is applied.

OTTOSEN BRITZ KELLY COOPER & GILBERT, LTD.

By:   /s/ Stephen H. DiNolfo
One of Its Attorneys

Stephen H. DiNolfo
Ottosen Britz Kelly Cooper & Gilbert
300 South County Farm Road, Third Floor
Wheaton, IL  60187
(630) 682-0085