IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, EASTERN DIVISION

| | |
|---|---|
| BRIAN KODISH                                )<br>                                                         )<br>            Plaintiff,                            )<br>                                                         )           No. 05 C 4620<br>      v.                                             )<br>                                                         )<br>OAKBROOK TERRACE FIRE PROTECTION  )<br>DISTRICT, GREGORY J. SEBESTA, DONALD )          JUDGE FILIP<br>VENTURA, ANDY SARALLO AND JOE        )<br>DRAGOVICH,                                     )<br>                                                         )<br>            Defendants.                       )| |

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
COMPEL PRODUCTION OF AUDIOTAPE

NOW COMES the plaintiff, BRIAN KODISH, by and through his attorney, GREGORY J. ABBOTT, and submits the following memorandum of law in support of his motion to compel production of an audiotape of a Oakbrook Terrace Fire Protection District Board Meeting closed session held by the defendants on or about August 2004.

Background

Plaintiff has filed a three count complaint alleging that he was wrongfully forced to resign by the defendants. Count I alleges a violation of 42 U.S.C. Section 1983, Count II alleges a violation of Illinois law resulting in plaintiff's forced resignation and Count III alleges defamation by one of the defendants, Gregory Sebesta.

The crux of Counts I and II is whether the defendants' actions in forcing plaintiff's resignation violate federal and/or state law. The decision to terminate plaintiff was made by the Oakbrook Terrace Fire Protection District board of trustees in closed session of a Board Meeting on August 11, 2004.

Plaintiff submitted a request to produce to defendants which included a request for audiotapes. Defendant did not identify any audiotape in its response. In the deposition of defendant District trustee Joe Dragovich, he was questioned about the discussion held in closed session. No objections or privileges were raised by defendants' counsel to questions regarding what was said at the closed session. He also testified that the closed session meeting was audiotaped.

Plaintiff then renewed his request for the audiotape which defendant refused citing the Open Meetings Act. Plaintiff filed a Motion to Compel the production of the tape. The Court has requested the parties simultaneously file briefs exploring 1) case law on the discoverability of audiotapes under the Illinois Open Meetings Act, and, more generally, 2) what regard federal courts give to state statutes limiting discovery.

Argument

I. Case law on the discoverability of audiotapes under the Illinois Open Meetings Act.

Plaintiff finds no case law ruling on the discoverability of audiotapes under the Illinois Open Meetings Act. Plaintiff believes that is due to the relevant portion of the statute being recently enacted.

II. Federal Courts are not governed by state statutes limiting discovery.

Federal courts are not bound by state statutory privileges regarding federal claims. Rather, they are to balance the plaintiff's right to discovery with the defendant's interests in the privilege.

In Memorial Hospital for McHenry County v. Shadur, 664 F. 2d 1058 (7th Cir. 1981), the district court ordered the defendant to produce production of documents which were privileged under the Illinois Medical Studies Act. Defendant sought a writ of

2

mandamus or a prohibition to order Judge Shadur to vacate his order. The Appellate Court declined. In this case, the plaintiff brought a claim that a hospital in-house peer review violated the Sherman Act. In house peer review committees proceedings were privileged un der the Illinois Medical Act.

Regardless, Judge Shadur ordered the information from the peer review committee be produced. The Court recognized that comity impels federal courts to recognize state privileges when this can be accomplished at no substantial cost to federal substantive and procedural policy. However, the Court applied Rule 501 of the Federal Rules of Civil procedure and found that, on balance, the information should be produced. The Court noted that evidentiary privileges serve to "exclude relevant evidence and thereby block the judicial fact finding function, they are not favored and where recognized, must be narrowly construed" Shadur, 664 F. 2d at 1061. The Court relied heavily upon the fact that the plaintiff's claim "arises out of the disciplinary proceedings themselves and not some event or occurrence that exists independently of those proceedings." Shadur, 664 F. 2d at 1062. The Court noted that "to deny [plaintiff] access to this information may very well prevent him from bringing his action altogether." Shadur, 664 F. 2d at 1063.

The instant matter is very factually similar to the facts in Shadur. As in Shadur, the plaintiff's claim arises out of the proceedings themselves. As in Shadur, the plaintiff's very ability to present his claim is at stake.

In E.E.O.C. v. Illinois Department of Employment Security, 995 F. 2d 106 (7th Cir. 1993), the plaintiff sought a transcript of an unemployment compensation hearing relevant to an investigation it was conducting. The defendant, the Illinois Department of

3

Employment Security ("IDES") refused, citing a state statute making unemployment compensation proceedings confidential. The district court found that the transcript was relevant to the EEOC's proceeding, but refused to order the transcript be turned over to plaintiff, ruling the state agency's interest outweighed the federal agency's interest in conducting its investigation.

The Seventh Circuit reversed, noting that "[S]tate privileges are honored in federal litigation only when state law supplies the rule of decision. When federal law governs, as it does here, only privileges recognized by the national government matter. Because state law does not apply, Rule 501 [of the Federal Rules of Evidence] tells us to use 'the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.'" E.E.O.C., 995 F. 2d at 107.

A factual scenario very similar to the instant matter was addressed in Hinsdale v. City of Liberal, Kansas, 961 F. Supp. 1490 (Dist. Ct. 1997), aff'd. 981 F. Supp. 1378 (1997). In that case, the Court ruled that a privilege against disclosure in the Kansas Open Meetings Act would not have to be followed by the federal courts, even though the plaintiff's complaint involved both federal and state law claims.

In Hinsdale, supra, as in the instant matter, plaintiff brought a civil rights action against the city of Liberal, Kansas as a result of a personnel decision. As in the instant matter, plaintiff sought information from an executive session (of the Liberal City Commission). As in the instant matter, defendant refused to produce the information requested, claiming that the information was privileged based upon the Kansas Open Meetings Act.

The court first addressed whether it should apply state law or federal common law and noted that

> "The first question is whether federal or state law governs concerning the claims of privilege in this case. Under Federal Rule of Evidence 501, in federal question cases the federal common law of privileges applies. On the other hand, if state law provides the rule of decision, state privilege will apply. (cite omitted) However, the rule is silent on what law of privilege applies when the same bit of evidence is relevant to both the state and federal claims."
> Hinsdale, 961 F. Supp. 1490, at 1493.

The Court, after reviewing cases from other federal circuits, noted that when there are federal and state claims combined, "all of the circuits that have directly addressed this issue have held that the federal law of privilege governs on issues of discoverability and/or admissibility even where the evidence sought might be relevant to a pendant state claim." (cites omitted) Hinsdale, 961 F. Supp. 1490, 1493.

In Hinsdale, the court found that the information sought was not privileged under the Kansas Open Meetings Act. But the court stated that,

> "even if Kansas were to recognize such a privilege, state law does not govern discoverability and confidentiality in federal claims cases. Questions of privilege in federal claims cases are governed by federal law. When no federal rule exists governing the privilege being raised, the court must balance the interests favoring and opposing confidentiality in the discovery phase of the litigation…The same rule applies when the plaintiff raises both federal and state law claims"
> Hinsdale, 961 F. Supp. 1490, 1495

The court added that comity "impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." Id.

The Court in Hinsdale looked for guidance to the decision in United States v. Phoenix Union High School District, 681 F. 2d 1235 (9th Cir. 1982), cert. denied, 459 U.S. 1191, 103 S. Ct. 169 (1983) In Phoenix Union, supra, an Arizona statute expressly

5

stated that the minutes of executive session meetings were to be kept confidential.  As the court in <u>Hinsdale</u> explained, "The Court nonetheless held that the generally worded privilege would be construed to prohibit voluntary public disclosure and not disclosure pursuant to a legitimate legal inquiry… Thus any executive session privilege should not prevent disclosure necessary to a legal inquiry under federal civil rights laws.  Otherwise governmental bodies would be able to virtually insulate themselves from any accountability for civil rights violations by preventing the disclosure of evidence that could be vital to any federal civil rights claim."  <u>Hinsdale</u>, at 1496.

The Court in <u>Hinsdale</u> found that a protective order could be fashioned to prevent disclosure of any discovery obtained about the closed sessions except to the parties to the litigation.

III.   The facts of the instant matter warrant disclosure of the audiotape pursuant to a <u>protective order</u>

As explained by the court in <u>Hinsdale</u>, "state law does not govern discoverability and confidentiality" in a federal question case, as is present here.  <u>Hinsdale</u>,  961 F. Supp. 1490, 1495.  The Court looks to Federal Rule of Civil Procedure 501 and must balance the competing interests of plaintiff and defendant.

It is not an overstatement to say that the plaintiff's ability to fully present his federal claim rests on the production of the audiotape.  The plaintiff claims the defendants dismissed him for reasons which violate federal and state law.  The tape will show the discussion the defendants engaged in which led to approving his termination.  Clearly, the discussions on the audiotape will be critically relevant to the plaintiff's federal law claim.

The defendants have not stated exactly what interests are being protected by claiming a privilege over the tape.  Deeming the audiotape to be privileged would appear to serve the following purposes:

1. Allowing a public body to freely discuss its employment issues with some reasonable assurance that the information will not be disseminated to the general public.

2. Protecting the privacy rights of an employee whose employment is being discussed.

Regarding the Fire Protection Board's ability to freely discuss employment issues, ordering the tape (and/or a transcript of same) to be produced does not impede free discussion.  If they discuss legitimate reasons for dismissing an employee, they have no reason to fear disclosure in litigation.  If they discuss illegal reasons for terminating employees, the law should not allow them to hide behind a privilege to keep that wrongdoing from discovery.

Protecting the privacy rights of an employee is not a concern when the employee is the one asking for the tape which concerns his own termination.

Plaintiff believes that a protective order limiting the disclosure of the tape to parties to the litigation for use only in this litigation, would best balance the plaintiff's interest in acquiring relevant information and the defendants concern about public dissemination.

Respectfully submitted,

___/s/_____
Attorney for Plaintiff

Gregory J. Abbott
Law Office of Gregory J. Abbott
5205 South Washington Street
Downers Grove, IL 60515
(630) 963-7938